# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHANIE TARAPCHAK, : | |
| Plaintiff : | |
| : | CIVIL ACTION NO. 3:13-1895 |
| v. : | |
| : | (Mannion, D.J.) |
| SCHUYLKILL COUNTY, et al., : | (Schwab, M.J.) |
| Defendants : | |

# M E M O R A N D U M

The report and recommendation of Judge Schwab, (Doc. 24), is before the court. Plaintiff Stephanie Tarapchak, appearing pro se, instituted this action pursuant to 42 U.S.C. §1983 in July of 2013, (Doc. 1), and thereafter amended her complaint. (Doc. 9). She names as defendants Schuylkill County, the county's Domestic Relations ("DR") division, Lynn Bucklar, a DR supervisor, Frank McDonough, a DR case worker, Russell Pelligrino, a DR enforcement officer, and Robert Phillips, another DR enforcement officer. Her complaint stems from several incidents plaintiff had with the DR division while she was responsible for making child support payments to the father of her daughter. She brings claims for due process violations, lack of adequate training and supervision, unlawful search and seizure under the Fourth Amendment, unlawful arrest, and invasion of privacy.[1] The individual

---

[1] Plaintiff 's complaint does not always indicate whether her claims are brought under state or federal law. Judge Schwab seems to consider these

defendants and the county, (Doc. 14), and the DR division, (Doc. 21), each moved to dismiss the complaint. Judge Schwab's report recommends dismissing plaintiff's claims except for a Fourth Amendment claim against Phillips for searching her wallet and seizing her medication without a warrant. Neither party has filed objections to the report. For the following reasons, the court will **ADOPT IN FULL** the report and recommendation of Judge Schwab.

## I.   STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review de novo those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (*citing* United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also*

---

claims under both state and federal law, and this court does the same.

Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (*citing* Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

## II.  BACKGROUND

The facts are set forth more fully in Judge Schwab's report. Plaintiff came under the jurisdiction of the DR division of Schuylkill County in 2008, when a complaint for child support was filed against her. Defendant McDonough was her case worker from 2012 to May 2013, and Pelligrino was her case worker from May 2013 to June 2013. Defendant Bucklar was the case supervisor at all times. In January of 2011, plaintiff was adjudged guilty of contempt for failing to comply with a support order. The contempt order indicated that in the event plaintiff missed a regular support payment, a bench warrant would be issued and she would be incarcerated without the necessity of a further hearing. (Doc. 9-1, at 3). She acknowledged that she understood the terms of the contempt order. (Id., at 5). In March 2012, she was arrested pursuant to the contempt order entering the courthouse for a hearing on a modification request. She was taken to prison without a hearing. She was

3

released after paying support, but soon after filed a petition to modify the contempt order, believing it was unconstitutional because it denied her hearings, violating her due process rights. The state court denied the petition to modify the contempt order.

Plaintiff thereafter submitted documentation indicating that she was disabled and therefore unable to make child support payments. After submitting that documentation, she was again arrested for failure to pay child support pursuant to the contempt order in May 2013. On the date of her arrest in May 2013, Phillips arrived at her house to arrest her. Plaintiff was just pulling up to her house in her car, and Phillips informed her that she was under arrest for failure to pay. She went inside her home, and Phillips followed her. She called a friend to make arrangements so that she could be released from prison.

While she was on the phone, Phillips picked up plaintiff's wallet and began to search it and asked her how much money she had. She began to scream at him to put the wallet down, but he did not, and eventually found some pills prescribed to plaintiff, confiscated them, and turned them over the Schuylkill County District Attorney for investigation. Phillips also insisted on searching plaintiff for a weapon, despite plaintiff's protests. Plaintiff then told Phillips she needed to go to the bathroom, and he did not allow her to go alone, but watched her use the bathroom. Then she informed Phillips that she wanted to get changed, and Phillips told her that he would have to supervise

her in order to ensure she did not access a weapon. She changed her clothes with Phillips watching, and he then placed her, uncuffed, in the back of his car. Once they arrived at the prison, plaintiff was cuffed and taken inside.

Plaintiff thus claims that her due process rights were violated by the county, DR, Bucklar, McDonough, and Pelligrino, that the county and DR failed to adequately train and supervise their employees to avoid committing due process and Fourth Amendment violations, that she was falsely arrested by the county, DR, Bucklar, McDonough and Pelligrino, that the county, DR, and Phillips sexually harassed her, that Phillips performed an unconstitutional search and seizure, and that the county, DR, and Phillips invaded her privacy. She seeks compensatory and punitive damages and declaratory and injunctive relief. She seeks that the court declare the contempt order moot and unconstitutional and enjoin defendants from enforcing it.

Defendants Schuylkill County and Bucklar, McDonough, Pelligrino, and Phillips filed a motion to dismiss the complaint, arguing that the court lacks jurisdiction to review state court proceedings under the Rooker-Feldman doctrine, that the court should abstain from ruling, that the employees of the DR are entitled to immunity under the 11th Amendment, that DR employees are immune from suit in their individual capacities, that qualified immunity protects the DR staff members from suit, that plaintiff failed to show that the County had liability under <u>Monell</u>, and that the court should not exercise jurisdiction over plaintiff's state law claims. DR also filed a motion to dismiss,

which is unopposed.

## III.   DISCUSSION

As Judge Schwab very thoroughly discusses, the Eleventh Amendment bars claims for monetary damages against DR and the DR employees in their official capacities. Federal courts cannot consider suits by private parties against states and their agencies unless the state has consented to the filing of such a suit. [Atascadero State Hospital v. Scanlon, 473 U.S. 234, 241 (1985)](); [Edelman v. Jordan, 415 U.S. 651, 662 (1974)](). Furthermore, an essential element of any claim under §1983 is that the alleged wrongdoing was committed by a "person." [42 U.S.C. §1983](). "[N]either a State nor its officials acting in their official capacities are 'persons' under §1983." [Will v. Michigan Dep't. of State Police, 491 U.S. 58, 71 (1989)](). Thus, the DR employees in their official capacities are immune from suit under the Eleventh Amendment. Moreover, "the state courts of Pennsylvania, including their domestic relations sections, are entitled to immunity from suit in federal court pursuant to the Eleventh Amendment." [Bryant v. Cherna, 520 F.App'x 55, 57]() (citing [Haybarger v. Lawrence Cnty. Adult Prob. & Parole, 551 F.3d 193, 198 (3d Cir. 2008)]()).

Next, as to the federal constitutional claims against the county and DR defendants, Judge Schwab properly found that the under the Rooker-Feldman doctrine, the court does not have subject matter jurisdiction over them, except

6

for the Fourth Amendment claim involving Phillips' search and seizure of her personal items. The United States Supreme Court has held that lower federal courts may not hear claims actually decided by a state court, as district courts have no appellate jurisdiction. Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). The Court later extended this holding, explaining that a federal district court lacks jurisdiction over any claims that are "inextricably intertwined" with a state court judgment. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983).

     As the report fully addresses, (Doc. 24, at 20-26), Tarapchak, in addition to explicitly requesting that the court declare the state court contempt order unconstitutional, (Doc. 19, at 13), complains of her two arrests and imprisonments, which occurred without hearings. These arrests and imprisonments were both direct results of the contempt order, and absent the explicit terms of the contempt order, there is nothing to suggest that she would have been imprisoned without a hearing. Moreover, her request to modify the contempt order has already been denied by the state court. All of this demonstrates that, pursuant to the Rooker-Feldman, the court does not have jurisdiction over the false arrest or due process claims. The claim against Phillips for the complained-of search of plaintiff's wallet and seizure of her prescription pills, are not, however, inextricably entwined with the state court order, and will remain. The court further agrees with the alternative reasons Judge Schwab addresses for dismissing the federal constitutional

claims except the Fourth Amendment search and seizure claims against Phillips, and the discussions of the various types of immunity to which defendants are entitled.

Finally, it is true that generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004). Here, the court agrees with Schwab's determination that granting plaintiff leave to amend the complaint would be futile in light of the fact that her claims are barred by the Eleventh Amendment, the Rooker-Feldman doctrine, and the various immunities to which defendants are entitled. Thus, plaintiff will not be granted leave to amend her complaint.

For the foregoing reasons, the report and recommendation of Judge Schwab, (Doc. 24), is **ADOPTED IN ITS ENTIRETY**. The motion to dismiss of Schuylkill County and the individual defendants is **GRANTED IN PART** and **DENIED IN PART**. (Doc. 14). The Fourth Amendment claim against defendant Phillips for searching plaintiff's wallet and seizing her prescription pills remains. The unopposed motion to dismiss of the Division of Domestic Relations is **GRANTED**. Plaintiff will not be granted leave to amend her


complaint, and the case is **REMANDED** to Judge Schwab for further proceedings. A separate order shall issue.

<div style="text-align: right;">s/ *Malachy E. Mannion*<br>**MALACHY E. MANNION**<br>**United States District Judge**</div>

**Date: September 15, 2014**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-1895-01.wpd