## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHANIE TARAPCHAK, | : | CIVIL ACTION NO. 3:13-CV-01895 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | (Magistrate Judge Schwab) |
| | : | |
| SCHUYLKILL COUNTY, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM
June 22, 2016

## I. Introduction.

Before the Court is the Defendant's motion (*doc. 39*) for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons that follow, the Defendant's motion will be granted.

## II. Background.[1]

### A. Procedural Background.

Plaintiff Stephanie Tarapchak ("Tarapchak") commenced this civil rights action, pursuant to 42 U.S.C. § 1983, by filing a complaint (*doc. 1*) on July 11, 2013, followed by an amended complaint (*doc. 9*) on October 4, 2013. In the

---

[1] Considering that we write primarily for the parties, we need not repeat the background and procedural history of this case, which is forth in our August 22, 2014, Report and Recommendation (*see doc. 24*).

amended complaint, Tarapchak lodged a host of federal and state-law claims against the following defendants: (1) Schuylkill County; (2) Domestic Relations; (3) Lynn Bucklar, a Supervisor for Domestic Relations; (4) Frank McDonough, a Case Worker for Domestic Relations; (5) Russell Pelligrino, a Case Worker for Domestic Relations; and (6) Robert Phillips ("Phillips"), "an enforcement officer" for Domestic Relations.  *Doc. 9.*   The majority of Tarapchak's claims were resolved by Judge Mannion's September 15, 2014, Order (*doc. 26*), wherein he adopted the undersigned's Report and Recommendation (*doc. 24*) and dismissed all claims in Tarapchak's amended complaint, except for Tarapchak's Fourth Amendment claim against Phillips for allegedly searching through her wallet and seizing her prescription pills without a warrant.  *Doc. 26.*   As such, Judge Mannion remanded the matter back to the undersigned for further pretrial management of Tarapchak's surviving claim, including resolution of a dispositive motion.[2]

On June 19, 2015, Phillips, the only remaining defendant in this action, filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, requesting that judgment be entered in his favor on Tarapchak's surviving claim.  That motion has been briefed and is ripe for disposition.

---

[2] The parties have since consented to proceed before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) (*see docs. 57, 58*).

**B. Statement of Facts.**

Pursuant to the Local Rules for the U.S. District Court for the Middle District of Pennsylvania, a party moving for summary judgment must attach to the motion "a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." M.D. Pa. L.R. 56.1. The non-moving party is required to submit "a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in [the moving party's statement of the material facts], as to which it is contended that there exists a genuine issue to be tried." *Id.* Both statements must reference the record for support, and the moving party's statement will be deemed admitted unless controverted by the non-moving party. *See id.*

Here, Phillips, as the moving party, has filed a statement of material facts (*doc. 51*), supported by adequate references to the record. Although Tarapchak, as the non-moving party, has filed a brief in opposition (*doc. 48*) to Phillips' motion for summary judgment, along with a document titled "Plaintiff's Rule 56 Objections to Defendants' Statement of Uncontested Facts" (*doc. 54*), Tarapchak has failed to submit a document that actually responds to the numbered paragraphs

set forth in Phillips' statement of material facts.[3]   Thus, we adopt Phillips' facts as undisputed. *See United States ex rel. Paranich v. Sorgnard*, 286 F. Supp. 2d 445, 447 n.3 (M.D. Pa. 2003) (adopting moving party's statement of facts where non-movant failed to comply with Local Rule 56.1), *aff'd*, 396 F.3d 326, 330 n.5 (3d Cir. 2005); *Larnerd v. Mong*, No. 1:14-CV-1204, 2015 WL 5601949, at *2 (M.D. Pa. 2015) ("A party's failure to comply with Local Rule 56.1 permits the court to deem the proponent's statement of material facts undisputed, even when the opposing litigant is *pro se*.").   Those undisputed facts are as follows.

Schuylkill County of Domestic Relations employs two deputy sheriffs to assist in the enforcement of support orders.  *Doc. 52* at ¶ 1.  Phillips is employed by the Domestic Relations Office and is under the supervision of the Domestic Relations Office and the Courts.  *Id.* at ¶ 2.  One of the duties of the deputy sheriff employed by the Domestic Relations Office is to assist in the enforcement of support orders, including the arrest, pursuant to bench and arrest warrants issued by the court.  *Id.* at ¶ 3.

On January 18, 2011, Tarapchak was adjudicated guilty of contempt of court for failure to comply with an order of support.  *Id.* at ¶ 4.  The Court of Common

---

[3] Although Phillips' statement of material facts (*doc. 52*) was filed subsequent to his motion (*doc. 39*) for summary judgment, Tarapchak has had a reasonable opportunity to respond to Phillips' statement of material facts. Tarapchak, however, has simply failed to do so in accordance with the Local Rules of this Court.

Pleas of Schuylkill County issued a bench warrant for the arrest of Tarapchak on February 15, 2013. *Id.* at ¶ 5. Pursuant to the bench warrant, Phillips arrested Tarapchak on May 20, 2013, and transported her to the Schuylkill County Prison. *Id.* at ¶ 6. In arresting Tarapchak pursuant to the bench arrest warrant, Phillips was acting in the course of his duty as the deputy sheriff for the Office of Domestic Relations, including the arrest and search incident thereto. *Id.* at ¶ 7.

Tarapchak's deposition was taken at the Lackawanna County Prison on April 22, 2015. *Id.* at ¶ 8. Bernard S. Brown, Esquire, who is representing Tarapchak in her criminal case, attended the deposition. *Id.* In the course of her deposition, Tarapchak was asked the following questions regarding her alleged illegal search and seizure claim:

> Q. Were you aware that before admission to the Schuylkill County Prison that your purse would be searched for contraband, that being controlled substances?
>
> A. I refuse to answer the question under the Fifth Amendment.
>
> Q. What was in your purse or wallet?
>
> A. I refuse to answer the question to the Fifth Amendment.
>
> Q. According to the papers filed, you were carrying 23 and a half or 24 Percocets?
>
> A. I refuse to answer the question based on the Fifth Amendment.
>
> Q. What was the dosage of the medication you were carrying?
>
> A. I refuse to answer the question based on the Fifth Amendment.

Q. Were the Percocets Percocet 30s?

A. I refuse to answer the question based on the Fifth Amendment.

Q. Were the Percocet 30s loose in your wallet?

A. I refuse to answer the question based on the Fifth Amendment.

Q. Was the medication contained in a prescription container?

A. I refuse to answer the question based on the Fifth Amendment.

Q. Was there any prescription information in your wallet –

A. I refuse to answer the question.

Q. Let me finish. Was there any prescription information in your wallet, on your person that could confirm that this was a prescription?

A. I refuse to answer the question based on the Fifth Amendment.

Q. Could you provide any prescription for a controlled substance?

A. I refuse to answer the question based on the Fifth Amendment.

Q. Who filled the prescriptions that were subject to this action?

A. I refuse to answer the question based on the Fifth Amendment.

Q. When were the prescriptions filled that were the subject of this action?

A. I refuse to answer the question based on the Fifth Amendment.

Q. How long were you taking the pills that were subject to this action?

A. I refuse to answer the question based on the Fifth Amendment.

Q. For what medical condition were you taking the pills what were subject to this action?

A. I refuse to answer the question based on the Fifth Amendment.

Q. Did you ever provide to Deputy Phillips a valid prescription or prescription information?

6

A. I refuse to answer the question based on the Fifth Amendment.

Q. What happened to the pills?

A. I refuse to answer the question based on the Fifth Amendment.

Q. Were you ever prosecuted for those pills?

A. I refuse to answer the question based on the Fifth Amendment.

Q. When you left your office building, did you have your purse or wallet?

A. I refuse to answer the question based on the Fifth Amendment.

Q. After you left the office building, were you driven to the Schuylkill County Prison by Deputy Phillips?

A. I refuse to answer the question based on the Fifth Amendment.

Q. When you were admitted to the Schuylkill County Prison, were you searched?

A. I refuse to answer the question based on the Fifth Amendment.

Q. I am not sure how that –

Mr. BROWN: Wait.

BY MR. TAMULONIS:

Q. Were you searched when you were admitted to the Schuylkill County Prison?

A. Yes, I am sorry.

Q. The question before is when you left the office building, did you have your purse or wallet with you.

A. I don't think. I don't remember.

Q. And when you left the office building, did Deputy Phillips drive you to the Schuylkill County Prison?

A. Yes.

Q. On the way, were you given an opportunity to make telephone calls to people who would help you out with the –

A. Yes.

Q. I am not sure you answered this. When you got to the prison, were you searched?

A. Yes.

Q. Do you know whether your purse or wallet was searched?

A. I don't know where they were.

Q. Was your clothing removed?

A. Yes.

Q. And were you given a prison uniform?

A. Yes.

*Id.* at ¶ 9.

Tarapchak refused to answer any questions regarding her alleged search and seizure claim on the grounds of the Fifth Amendment.  *Id.* at ¶ 10.[4]  By reason of her invocation of the Fifth Amendment, Tarapchak, as proffered by Phillips, is unable to establish any of the essential elements of her alleged illegal search and seizure claim.  *Id.* at ¶ 11.

Following her arrest, Tarapchak was transported to the Schuylkill County Prison.  *Id.* at ¶ 12.  The Schuylkill County Prison maintains a Zero Tolerance

---

[4] As reflected in her deposition (*doc. 39-2*), Tarapchak only answered some of the questions that were posed to her.

policy regarding contraband.  *Id.* at ¶ 13.   At the Schuylkill County Prison, contraband includes controlled substance and loose pills, not in the appropriate drugstore container with the appropriate prescription information.  *Id.* at ¶ 14.   On admission to the Schuylkill County Prison, new admittees are patted down and personal effects, such as coats, a purse or wallet, are removed and searched and inventoried.   *Id.* at ¶ 15.   Upon completion of the admission paperwork and procedures, the admittee is taken into a private room where she is stripped search and provided a new uniform.  *Id.* at ¶ 16.   To the extent that any admittee is in possession of loose pills, which are not contained in an appropriate drugstore container with the appropriate prescription information, the pills are confiscated and turned over to law enforcement for further proceedings as are deemed necessary. *Id.* at ¶ 17.

## III. Summary Judgment Standards.

Phillips moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, which provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "Through summary adjudication the court may dispose of those claims that do not present a 'genuine dispute as to any material fact' and for which a jury trial would be an empty and unnecessary formality."  *Goudy-Bachman v. U.S. Dept. of*

*Health & Human Services*, 811 F. Supp. 2d 1086, 1091 (M.D. Pa. 2011) (quoting Fed. R. Civ. P. 56(a)).

The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). With respect to an issue on which the nonmoving party bears the burden of proof, the moving party may discharge that burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party has met its burden, the nonmoving party may not rest upon the mere allegations or denials of its pleading; rather, the nonmoving party must show a genuine dispute by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate. *Celotex*, 477 U.S. at 322. Summary judgment is also appropriate if the nonmoving party

provides merely colorable, conclusory, or speculative evidence.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  There must be more than a scintilla of evidence supporting the nonmoving party and more than some metaphysical doubt as to the material facts.  *Id.* at 252.  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The substantive law identifies which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Anderson*, 477 U.S. at 248.  A dispute about a material fact is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party.  *Id.* at 248-49.  When "faced with a summary judgment motion, the court must view the facts 'in the light most favorable to the nonmoving party.'"  *N.A.A.C.P. v. N. Hudson Reg'l Fire & Rescue*, 665 F.3d 464, 475 (3d Cir. 2011) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)).

At the summary judgment stage, the judge's function is not to weigh the evidence or to determine the truth of the matter; rather it is to determine whether there is a genuine issue for trial.  *Anderson*, 477 U.S. at 249.  The proper inquiry of the court "is the threshold inquiry of determining whether there is the need for a

trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

Summary judgment is warranted, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322. "Under such circumstances, 'there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.'" *Anderson v. CONRAIL*, 297 F.3d 242, 247 (3d Cir. 2002) (quoting *Celotex*, 477 U.S. at 323). "[S]ummary judgment is essentially 'put up or shut up' time for the non-moving party: the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006).

Further, a party that moves for summary judgment on an issue for which he bears the ultimate burden of proof faces a difficult road. *United States v. Donovan*, 661 F.3d 174, 185 (3d Cir. 2011). "[I]t is inappropriate to grant summary judgment in favor of a moving party who bears the burden of proof at trial unless a reasonable juror would be compelled to find its way on the facts needed to rule in

its favor on the law." *El v. Se. Pa. Transp. Auth.*, 479 F.3d 232, 238 (3d Cir. 2007) (footnote omitted).   A party who has the burden of proof must persuade the factfinder that his propositions of fact are true, and "if there is a chance that a reasonable factfinder would not accept a moving party's necessary propositions of fact, pre-trial judgment cannot be granted." *Id.*   "Specious objections will not, of course, defeat a motion for summary judgment, but real questions about credibility, gaps in the evidence, and doubts as to the sufficiency of the movant's proof, will." *Id.*

## IV. Discussion.

As previously stated, the only remaining claim in this § 1983 civil rights action is Tarapchak's Fourth Amendment unlawful search and seizure claim against Phillips in his individual capacity[5] for allegedly searching, without a warrant, Tarapchak's wallet and seizing her "prescription pills" found therein. *Doc. 9.*  42 U.S.C. § 1983 states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

---

[5] Any claims against Phillips, in his official capacity, have already been dismissed by the Court.  *See docs. 24, 26.*

13

42 U.S.C. § 1983 (2002).  Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 749 n.9 (1999) (internal quotation omitted).  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

In this case, the parties do not dispute that Phillips was acting under color of state law; thus, the next step is to "'identify the exact contours of the underlying right'" that Tarapchak asserts was violated.  *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (quoting *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998))).  In this case, Tarapchak asserts that the Fourth Amendment was violated.

The Fourth Amendment provides "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."  US. CONST. amend. IV.  "An

14

arrest, of course, qualifies as a 'seizure' of a 'person' under this provision, [*Dunaway v. New York*, 442 U.S. 200, 207–208 (1979)], and so must be reasonable under the circumstances." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735-36 (2011). And, "[a] search is per se unreasonable, subject to a few limited exceptions, unless it is effectuated with a warrant based on probable cause." *United States v. Waters*, 428 F. App'x 155, 161 (3d Cir. 2011) (citing *Katz v. United States*, 389 U.S. 347, 357 (1967)). Once a seizure has occurred, however, "the well-established exception for searches incident to a lawful arrest allows the police to search an arrestee's person and the areas from which 'he might gain possession of a weapon or destructible evidence' without running afoul of the Fourth Amendment." *United States v. Johnson*, 432 F. App'x 118, 120 (3d Cir. 2011) (quoting *Arizona v. Gant*, 556 U.S. 332 (2009) (internal citations omitted)).

In moving for summary judgment, Phillips asserts that the search of Tarapchak's wallet was lawful. *See doc. 40* at 27-30. In support of his assertion, he points to Tarapchak's deposition testimony,[6] and argues, on the basis of this

---

[6] That testimony reads as follows:

> Q. Did you have your purse with you?
>
> A. Yes - - no, actually. I didn't have my purse with me.  My purse was on the table.  I had my wallet with me.

*Doc. 39-2* at 17:1-4.

testimony, that Tarapchak's wallet was on her person at the time of her arrest and that, therefore, the subsequent search of her wallet was lawful because it qualifies under the exception to the warrant requirement for a search incident to her lawful arrest. *Doc. 40* at 30.

We must first determine whether Phillips has satisfied his initial burden by showing that there is no genuine issue as to any material fact. In this case, it is undisputed that Phillips is employed as a deputy sheriff by the Domestic Relations Office and that, as a deputy sheriff, one of his duties is to assist the enforcement of support orders, including the arrest, pursuant to an arrest warrant issued by the court. It is undisputed that Tarapchak was adjudicated guilty of being in contempt of court based on her failure to comply with a support order.[7] It is undisputed that the Court of Common Pleas of Schuylkill County thereafter issued a bench warrant for Tarapchak's arrest, and that Phillips, as deputy sheriff, arrested Tarapchak pursuant to that warrant. It is undisputed that Phillips was acting in the course of

---

[7] Given Tarapchak's adjudication of guilty, the Court of Common Pleas of Schuylkill County issued a contempt order, which states, in pertinent part, as follows:

> Should [Tarapchak] fail to comply with any of the terms of this [Contempt] Order, or should [Tarapchak] miss one regular support payment, a Bench Warrant shall be issued and [Tarapchak] shall be incarcerated in the Schuylkill County Prison without the necessity of further hearing.

*Doc. 39-5* at 2; *doc. 39-6* at 6.

his duties as deputy sheriff for the Office of Domestic Relations when he arrested Tarapchak and conducted the search incident thereto. Thus, based upon these undisputed facts and the evidence that Phillips has produced—including, Tarapchak's deposition testimony—we find that Phillips has satisfied his initial burden. More specifically, we find that Phillips has shown that there is no genuine issue as to any material fact that the subsequent search of Tarapchak's wallet was a lawful search incident to her arrest, and further, that the "prescription pills" found in her wallet were within the proper scope of that search.[8] We make this finding based upon the well-established exception of a search incident to an arrest. *See, e.g.*, *Johnson*, 432 Fed. Appx. at 121 ("After making a valid arrest, the Fourth Amendment did not prohibit [the officer] from conducting a reasonable search of [a criminal defendant's] person because this was an area from which [the defendant] 'might gain possession of a weapon or destructible evidence.'" (quoting *Gant*, 556 U.S. at 335); *United States v. Watson*, 669 F.2d 1374, 1383-84 (11th Cir. 1982) (holding that a search warrant was not required to search the defendant's wallet because the wallet was taken from the defendant's person during a search incident to arrest and, therefore, the documents that were found within that wallet were within the proper scope of the search) (cited cases omitted);

---

[8] Tarapchak's Fourth Amendment claim centers on the unlawfulness of the search incident to her arrest, not the arrest itself.

*United States v. Joyner*, 2015 WL 7752874, at *3 (M.D. Fla. Dec. 2, 2015) ("Having lawfully arrested defendant, the officers were authorized to conduct a full search of defendant's person and to seize his wallet and examine its contents.") (cited cases omitted).

Having determined that Phillips satisfied his initial burden, we must next determine whether Tarapchak, as the non-moving party, has rebutted Phillips' motion by citing to particular parts of materials in the record, which show that a genuine issue of material fact exists. Fed. R. Civ. P. 56(c). In doing so, Tarapchak is not permitted to "rest solely on assertions made in the pleadings, legal memoranda, or oral argument." *Berckeley Inv. Grp.*, 455 F.3d at 201. Thus, to the extent that Tarapchak has attempted to rely upon such assertions in her amended complaint, we find that her reliance is misplaced. *See* Fed. R. Civ. P. 56(c) (explaining that the non-moving party cannot rest upon the mere allegations or denials of its pleading; rather, the nonmoving party must show a genuine dispute by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials"). Similarly, to the extent that Tarapchak has also attempted to rely on unsupported allegations in her briefing, we further find that her reliance is misplaced. *See Jersey Cent. Power & Light Co. v. Twp. of*

18

*Lacey*, 772 F.2d 1103, 1109–10 (3d Cir. 1985) (explaining that arguments made in briefs "are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion").  To the extent, however, that Tarapchak has either produced or cited to particular parts of materials in the record, we find that these materials do not set forth specific facts that show that there are genuine issues for trial.

In an attempt to overcome the well-established exception of a search incident to an arrest, Tarapchak generally argues that her wallet was not on her person when Phillips conducted a search of her wallet.[9]  *See docs. 48*, *54.*  In support of her argument, Tarapchak attaches two exhibits to her brief in opposition, both of which are excerpts from her deposition testimony.[10]  Upon review of those excerpts, however, we find that Tarapchak's' testimony only confirms that (1) she had her wallet with her, and (2) that she was present when Phillips searched through her wallet.  More specifically, in one of the excerpts, Tarapchak testified as follows:

---

[9]  In fact, Tarapchak argues, in opposition to Phillips' motion for summary judgment, that "[w]hether or not [Phillips] illegally searched [her] wallet hinges on where the wallet was when he acquired it; if it was on her person, he's off the hook; if not, he's not." *Doc. 54* at 2, ¶ 3.

[10]  As previously set forth in the undisputed statement of facts, Tarapchak, during the course of her deposition, invoked her Fifth Amendment privilege against self-incrimination.  As a result of invoking this privilege, her testimony is very sparse.

Q. Did you have your purse with you?

A. Yes - -no, actually, I didn't have my purse with me. My purse was on the table. I had my wallet with me.

Q. Okay. And at some point did you propose to take your purse or wallet to the prison?

A. No.

Q. Where was it? Where was your purse and wallet?

A. My wallet was on my - -my purse was on the reception desk.

Q. Were you present when Deputy Phillips searched through your purse and wallet?

A. Yes.

*Doc. 48* at 17-18. And, in the other excerpt, Tarapchak's testimony does not address where she was located in relation to her wallet when Phillips searched it. *See doc.* 48 at 19-20. By the same token, although Tarapchak also attached the affidavit of Joesph Pilchesky ("Pilchesky") to her document titled, "Plaintiff's Rule 56 Objections to Defendants' Statement of Uncontested Facts," Pilchesky's affidavit (*doc. 54* at 7-8) does not address where Tarapchak was located in relation to her wallet when Phillips searched it. And, finally, while Tarapchak also points to specified paragraphs in Phillips' answer (*see doc. 48* at 5), these paragraphs either relate to claims that have been dismissed from this action, or they simply

establish that Phillips did not have a search warrant when he conducted the search—facts, which are not in dispute in this case.

Thus, we find that none of Tarapchak's proffered evidence rebuts Phillip's motion for summary judgment.   More specifically, we find that none of this evidence establishes that the subsequent search of Tarapchak's wallet occurred *outside* of an area from which she could have gained possession of her wallet and any destructible evidence therein—i.e., the "prescription pills."   *See Johnson*, 432 F. App'x at 120 ("[T]he well-established exception for searches incident to a lawful arrest allows the police to search an arrestee's person and the areas from which 'he might gain possession of a weapon or destructible evidence' without running afoul of the Fourth Amendment." (quoting *Gant*, 556 U.S. at 332) (internal citations omitted)).[11]

Accordingly, we find that Tarapchak has not come forward with *specific facts*—by way of affidavits, depositions, admissions, answers to interrogatories, etc.—which actually show that there are genuine issues for trial. We further find

---

[11] We briefly note that under a Fourth Amendment analysis, Phillips' actions are based on an objective assessment of the facts and circumstances confronting him, not his subjective or actual state of mind.  *See Whren v. United States*, 517 U.S. 806, 813-14 (1996) (holding that the officer's subjective intent was immaterial to an ordinary Fourth Amendment analysis); *United States v. Hawkins*, 811 F.2d 210, 214 (3d Cir. 1987) (collecting United States Supreme Court cases that "discount[ ] the relevance of the officer's state of mind" under a Fourth Amendment analysis). Thus, to the extent that Tarapchak believes Phillips' subjective intent demonstrates the unlawfulness of the search and seizure, her argument is unavailing.

that Tarapchak's ability to make such a showing has seemingly been hindered by the invocation of her Fifth Amendment privilege against self-incrimination. *See, e.g*., *doc. 39-2* at 22:6-14 (invoking the Fifth Amendment privilege when asked by Phillips' counsel the following question: "Where were you when the search took place?"); *see also Rad Servs., Inc. v. Aetna Cas. & Sur. Co*., 808 F.2d 271, 274 (3d Cir. 1986) ("[T]he [United States Supreme] Court ruled in *Baxter v. Palmigiano*, 425 U.S. 308 (1976), that 'the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them[.]'"); *S.E.C. v. Graystone Nash, Inc*., 25 F.3d 187, 190 (3d Cir. 1994) ("Unlike the rule in criminal cases, however, reliance on the Fifth Amendment in civil cases may give rise to an adverse inference against the party claiming its benefits . . . . Use of the privilege in a civil case may, therefore, carry some disadvantages for the party who seeks its protection."). Thus, summary judgment will be granted in favor of Phillips with respect to Tarapchak's only remaining claim of an unlawful search and seizure under the Fourth Amendment.[12]

---

[12] Given our finding, we need not address Phillips' other arguments as to why he is entitled to judgment as a matter of law. *See doc. 40*.

**V. Conclusion.**

Accordingly, for the foregoing reasons, Phillip's motion (*doc. 39*) for summary judgment will be **GRANTED**.   An appropriate implementing order follows.

<u>**S/ Susan E. Schwab**</u>
Susan E. Schwab
United States Magistrate Judge